IN THE MATTER OF THE ESTATE OF MARY HOWE, DECEASED. | 48 235 |
| 91 156 |

*Collateral inheritance tax — the act (chap. 483 of 1885) did not take effect until the twentieth day after the day of its final passage.*

Chapter 483 of 1885, imposing a tax upon gifts, legacies and collateral inheritances in certain cases, did not take effect until June 30, 1885, the twentieth day after the day of its final passage, as certified by the secretary of state.

*Matter of Chardavoyne* (5 Dem., 466) overruled.

Since the enactment of section 12 of title 4 of chapter 7 of part 1 of the Revised Statutes, which provides that "every law, unless a different time shall be prescribed therein, shall commence and take effect, throughout the State, on and not before the twentieth day after the day of its final passage, as certified by the Secretary of State," all subsequent statutes which do not prescribe in precise terms the exact time when they shall take effect are controlled by this provision.

That, as the section usually inserted in acts directing that the act "shall take effect immediately" was not contained in this act, the court would not presume, from

the ambiguous language used in the first section, viz., "*after the passage of this act* all property," etc., that the legislature intended this act to take effect immediately, but omitted to express its intention by the apt and familiar words used in other cases.

*Latless* v. *Holmes* (4 T. R., 660); *Wheeler* v. *Chubbuck* (16 Ill., 361); *Charless* v. *Lambersen* (1 Iowa [Clarke], 435) followed.

APPEAL by the executors of the last will and testament of Mary Howe from a decree of the surrogate of Tompkins county, adjudging certain legacies to be subject to the collateral inheritance tax.

*Newman & McLachlan*, for the executors, appellants.

*Clarence L. Smith*, district attorney, for the people, respondents.

FOLLETT, J.:

Appeal by the executors of the last will and testament of Mary Howe from the decree of the surrogate of Tompkins county, adjudging that certain legacies are subject to the tax imposed by chapter 483 of the Laws of 1885, and directing said executors to pay the tax to the treasurer of said county.

June 16, 1885, six days after the passage of said act, the testatrix died, leaving a will by which legacies were bequeathed to persons within the class subject to taxation under said act. Each legacy exceeded the sum of $500, except the one to Myra Taylor, which was for less than $500. The executors, appellants, claim : (1.) That the act had not taken effect at the death of the testatrix : (2.) That the legacy to Myra Taylor being less than $500, is not taxable under the act. This statute does not contain the section commonly found in the acts of the legislature of this State, that : " This act shall take effect immediately," nor is the time when the act shall take effect " prescribed therein," unless it is by the first line of the first section, which reads : " § 1. After the passage of this act, all property which shall pass by will," etc. The act was passed June 10, 1885. Did it take effect June 10, or June 30, 1885 ? The surrogate's court held that it took effect June 10, 1885. Prior to April 8, 1793, all acts of parliament took effect as of the first day of the session at which they were passed, but on that date it was enacted that thereafter, statutes should take effect on the day they received the royal assent, unless otherwise provided in the statute. (33 Geo., 111, chap. 13.) Whether the statutes of this State took effect as of the first day of

the session of the legislature by which enacted, or at the date of their enactment, was regarded as an open question by the revisers of 1828.

"As the provisions of the above statute (33 Geo., 111, chap. 13), have never been expressly adopted in this State, it may be thought that the old common law rule must still be applicable here, and that consequently every statute takes effect from the beginning of the session at which it was enacted, unless some other time for its commencement be provided in the act itself. Indeed, according to the decision in *Latless* v. *Holmes* (4 T. R., 660), the use of the ordinary formula 'from and after the passage of this act,' would not be sufficient to exempt it from the operation of the general rule, which is founded upon the fiction that the entire period of the session is but a single day, and consequently the act must be taken to have passed on the first day. Still, the general understanding of the profession in this country seems to be, that statute laws only take effect from the time or date of their enactment. But so far as the rule of law on this subject is to be collected from judicial decisions, it does not appear to be satisfactorily settled." (Reviser's notes to 1 R. S., 157, § 12; see 3 R. S. [2d ed.], 459.) To put this question at rest, and to prevent the manifest injustice often arising from statutes taking effect before their existence could be generally known, it was enacted by section 12 of title 4 of chapter 7 of part 1 (1 R. S., 157, § 12), as follows:

"SECTION 12. Every law, unless a different time shall be prescribed therein, shall commence and take effect, throughout the State, on and not before the twentieth day after the day of its final passage, as certified by the secretary of state." This section took effect January 1, 1830. (2 Sess. Laws, 1828, chap. 20, passed December 10, 1828.) In 1830 the practice began, and has ever since prevailed, of incorporating into such statutes as the legislature intended to have take effect immediately, the section: "This act shall take effect immediately," or an equivalent section. During the session at which the act under consideration was passed, 557 statutes were enacted, of which 501 contained a section providing that, "This act shall take effect immediately." Three provided that they should take effect in whole or in part at specified dates, and fifty-three (chapter 483 being one of the number) contain no provision prescribing when they should take effect, but were left to be controlled by the Revised Statutes.

For more than fifty years the legislature has incorporated into such of its acts as it intended should take effect immediately, an apt section, now so long used that its words are seldom varied, unmistakeably declaring its intent. No such section is contained in the statute under consideration, and in the face of this record, courts should not presume, from ambiguous language, that the legislature intended that this act should take effect immediately, but omitted to express its intention by the apt and familiar words. Experience has shown that it is of the highest importance to every interest that the precise time when a statute takes effect shall not be left in doubt. To effect this important purpose, the twelfth section was enacted, and it should control all subsequent statutes which do not prescribe in precise terms the exact time when they shall take effect. So important is certainty in this respect, that when it has been established by usage, by a constitution or by a general law, that statutes shall take effect at a specified time, unless otherwise prescribed in the statutes, that courts will not presume an intent to change the general rule, unless the legislative intent is expressed in unambiguous language. (*Latless* v. *Holmes*, 4 T. R., 660 ; *Wheeler* v. *Chubbuck*, 16 Ill., 361; *The Board of Supervisors* v. *Keady*, 34 id., 293 ; *Andrews* v. *St. Louis Tunnel R. Co.*, 16 Mo. App., 299 ; *Rice* v. *Ruddiman*, 10 Mich., 125 ; *Harding* v. *People*, 15 Pacific Rep., 727 ; Bish. Stat. Cr., § 31.) In *Latless* v. *Holmes* (*supra*), an act of parliament was considered, which provided "that every deed, bond, etc., whereby any annuity shall be granted, *after the passing of the act*, shall, within twenty days after the execution thereof, be enrolled in the Court of Chancery in the manner in the said act mentioned, otherwise every such deed, bond, etc., shall be null and void." The act received the royal assent in May, 1777, and a deed executed in January, 1777, and not enrolled, was held to be void under the act which was deemed to take effect as of the first day of the session, notwithstanding the words " after the passage of this act." The twenty-third section of article 3 of the Constitution of 1848 of Illinois, provided: " And no public act of the general assembly shall take effect, or be in force until the expiration of sixty days from the end of the session at which the same may be passed, unless in case of emergency the general assembly shall otherwise direct." January 27, 1853, an act was passed which

provided, " that from and after the first day of March next, it shall not be lawful, etc." It was held in *Wheeler* v. *Chubbuck* (*supra*) that the act did not take effect until sixty days after the close of the session. This case was approved and its doctrine reasserted in the *Board of Supervisors* v. *Keady* (*supra*).

The Code of Iowa was passed February 5, 1851, and went into effect July 1, 1851. Section 1249 provided that homesteads might be sold for debts contracted "*prior to the passage of this law.*" It was held in *Charless* v. *Lamberson* (1 Iowa [Clarke], 435) that a debt incurred in April, 1851, was contracted " prior to the passage of this law " (the Code), which language referred to the date when the law took effect. The learned surrogate of the county of New York held *Matter of Chárdavoyne* (5 Dem., 466) that this statute took effect on its passage, but in that view we are unable to concur for the reasons before given.

The conclusion which we have reached upon the first question raised on this appeal, renders the consideration of the second question unnecessary.

The decree of the surrogate is reversed.

HARDIN, P. J., and MARTIN, J., concurred.

Decree of the surrogate reversed on the exceptions, with costs to the appellant.